John E. McLain *vs* Harry S. Willey, Bailiff.

*Replevin Upon Distress for Rent in Arrear—Crop Rent—Cognizance—Demurrer.*

By *Sec.* 47, *Chap.* 120, *Rev. Code* (1893), 872, "The defendant in the replevin may avow or make cognizance generally for rent in arrear, stating to whom, for what premises, and for what time, without other particulars." On demurrer to defendant's cognizance, stating that he took the goods of plaintiff as bailiff of a certain person, the owner of a farm, on which the plaintiff was tenant, and owing at the time of the taking, to-wit, etc., "rent in kind in arrear to his said landlord for said premises from etc. to etc., * * * which said rent is still in arrear and unpaid;" *held* that defendant should have stated what part or portion of rent in kind was claimed, and in what crops rent was to be paid or apportioned so as to reasonably apprise the plaintiff of what he is to defend, though the exact value of the rent in kind, or the quantity of certain products need not be stated.

(*May* 23, 1910.)

Judges Conrad and Woolley sitting.

*Martin B. Burris* for plaintiff.

*James W. Lattomus* for defendant.

Superior Court, New Castle County, May Term, 1910.

Action of Replevin (No. 7, May Term, 1909), by John E. McLain, tenant, against Harry S. Willey, bailiff of landlord upon distress made for rent in arrear. Special demurrer to cognizance filed.

(See same case *ante* and 2 *Boyce*—

Conrad, J., delivering the opinion of the Court:

The defendant in this case in making cognizance declares that he took the goods in question as bailiff of one Jennie E. Cornelius, the owner of a certain farm or tract of land situate in Blackbird Hundred in this county, containing two hundred acres,

more or less, the plaintiff being at the time of the taking, the tenant on said land, and said plaintiff owing at the time of the taking, to-wit, February 19, A. D. 1909, "rent in kind in arrear to his said landlord for said premises, from March 25th, A. D. 1907, to February 15th, A. D. 1909, and the said defendant well avows the taking of said goods and chattels of the plaintiff, then being on said premises, in the name of a distress for rent, which said rent is still in arrear and unpaid."

To this cognizance the plaintiff demurs, specially, "for that the said defendant does not state in the said cognizance the nature, quantity or kind of rent which is supposed to be in arrear to the said defendant." It is evidently the design of *Section* 47, *Chapter* 120, *page* 872, *Revised Code* 1893, to simplify the pleadings in actions of replevin, of property taken upon distress for rent in arrear, this Court having so decided in a recent reported opinion in this case; but the Court there held that it was the duty of the defendant to reasonably apprise the plaintiff by certain dates of the time or term for which the rent in arrear is demanded.

It is equally reasonable that the plaintiff should be informed as to the nature and kind of rent demanded, that is, that the defendant should aver what part or portion of the rent in kind was claimed, and in what crops rent was to be paid or apportioned in order that the plaintiff could have something reasonably tangible and sufficient to answer or defend.

The Court does not insist upon a statement so full as to show the exact value of the rent in kind, or the exact quantity of certain products, but there should be such a statement of what was claimed as rent as would reasonably disclose to the plaintiff the general facts that are relied upon by the defendant in justification of the taking of the goods in question.

The demurrer is sustained.